NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2476
_____

EDWIN DEJESUS MEJIA-MORALES,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the Board of Immigration Appeals
(BIA-1: A078-282-289)
Immigration Judge: David Cheng
_____

Submitted under Third Circuit LAR 34.1(a)
March 3, 2020

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*.

(Filed: March 6, 2020)

_____

OPINION*
_____

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Edwin De Jesus Mejia-Morales petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's order denying his motion to reopen his removal proceedings. We will deny the petition for review.

I

A native of Guatemala, Mejia-Morales entered the United States without admission or parole on August 31, 2005. The next day, the Department of Homeland Security served him with a Notice to Appear, charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). The Notice indicated that the initial hearing would be "on a date to be set at a time to be set." AR 487. Mejia-Morales received notice of the date and time of his hearing, and later applied for asylum, withholding of removal, and protection under the Convention Against Torture. When Mejia-Morales did not appear at a merits hearing scheduled for February 4, 2015, the IJ ordered him removed in absentia. Mejia-Morales later averred that he arrived at court just after the IJ ordered him removed.

On November 2, 2018—1,368 days after the IJ ordered removal—Mejia-Morales filed a motion to reopen under 8 C.F.R. § 1003.23(b)(1). The IJ denied that motion as untimely, so Mejia-Morales appealed. After the BIA dismissed the appeal, Mejia-Morales filed a timely petition for review in this Court.

II[1]

Mejia-Morales raises two arguments in this appeal, one jurisdictional and one on the merits. His jurisdictional challenge—that his Notice to Appear was defective—is foreclosed by our opinion in *Nkomo v. Att'y Gen.*, 930 F.3d 129 (3d Cir. 2019). His merits challenge—that the agency should have heard his untimely motion to reopen—is unpersuasive for the reasons that follow.

A motion to reopen under 8 C.F.R. § 1003.23 typically must be filed within 90 days of the final order of removal. 8 C.F.R. § 1003.23(b)(1). But in this case, Mejia-Morales's challenge to the order of removal entered in absentia is governed by 8 U.S.C. § 1229a(b)(5)(C)(i), which provides that the order may be rescinded only on "a motion to reopen filed within 180 days after the date of the order [] if [he] demonstrates that the failure to appear was because of exceptional circumstances." *Id*. That 180-day period is subject to equitable tolling, however. *Borges v. Gonzales*, 402 F.3d 398, 406 (3d Cir. 2005).

Mejia-Morales claims equitable tolling saves his untimely motion because his prior counsel was ineffective. *See Mahmood v. Gonzales*, 427 F.3d 248, 258 (3d Cir. 2005). Yet even if counsel provided ineffective assistance, Mejia-Morales must demonstrate that he acted diligently "over the entire period for which tolling is desired." *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011). The BIA held that Mejia-Morales was not diligent when he sought to reopen his case more than three years after he was

---

[1] We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252(a).

ordered removed. In so holding, the BIA did not abuse its discretion because its decision was not arbitrary, irrational, or contrary to law. *See Sevoian v. Ashcroft,* 290 F.3d 166, 174 (3d Cir. 2002); *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994).

The IJ acknowledged that Mejia-Morales provided evidence of ineffective assistance of counsel, but determined that he failed to explain his lack of diligence in waiting to file the motion. Likewise, the BIA concluded: "[a]t the latest, [Mejia-Morales] should have filed his motion to reopen on August 3, 2015, 180 days after the entry of the removal order." AR 3. Yet Mejia-Morales did not file the motion until November 2, 2018. It's true he provided an affidavit to the BIA stating that he "called [his attorney] for updates throughout the years and [was told] to just wait," and after being detained by ICE in October 2018, "it was brought to [his] attention that . . . no motion to reopen was ever filed." AR 43 ¶¶ 3, 4; AR 131.  But as the BIA observed, Mejia-Morales provided no details about those calls or about any other contacts with his attorney relative to filing a motion to reopen. Accordingly, it found a lack of due diligence during the lengthy delay from expiration of the 180-day period after the order of removal in absentia (August 3, 2015) until November 2, 2018. So equitable tolling was unwarranted.

Mejia-Morales argues that our opinion in *Borges* supports equitable tolling in his case. But unlike this case, in *Borges* the petitioner was diligent and there was evidence of fraud that dissuaded him from pursuing relief. 402 F.3d at 405–07. Mejia-Morales only made some calls and waited until he was detained more than three years later before filing his motion.

4

In sum, we perceive no abuse of discretion in the BIA's determination that Mejia-Morales's wait-and-see approach failed to demonstrate the requisite diligence necessary to rescue him from the 1,188-day delay in filing his motion to reopen. So we will deny his petition for review.